IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 26 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                          CRIMINAL NO. 2:19cr14-KS-MTP

GLENN DOYLE BEACH, JR.                                            DEFENDANT

**AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **GLENN DOYLE BEACH, JR.** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), agree that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendant agrees, the following assets (hereinafter the "**Subject Property**"):

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park*, 2:18-cv-00165-KS-MTP | Asset Description |
|---|---|---|
| A1 | A-019 | $67,257.24 seized from The First account number 15001365, an account in the name of Total Care Marketing, LLC. |
| A2 | A-017 | $1,567,980.07 seized from Citizens National Bank account number 101773786, an account in the name of Advantage Pharmacy, LLC. |
| A3 | A-056 | $504,951.72 seized from Priority One Bank (Priority) account number 282814, an account in the name of Advantage Medical Infusion, LLC, doing business as AMI Rx. |
| A4 | A-054 | $3,277.47 seized from Regions account number 7511465051, an account in the name of Glenn Doyle Beach or T.B., with authorized signers Glenn Doyle Beach and T.B. |
| A5 | A-048 | $59,935.47 seized from The First account number 15002538, an account in the name of Bone Forest, LLC. |
| A6 | A-053 | $37,507.72 seized from Regions account number 196479361, an account in the name of Glenn Doyle Beach or T.B., with authorized signers Glenn Doyle Beach and T.B. |
| A7 | A-057 | $500.00 seized from Priority account number 283283, an account in the name of Development Industries Inc., with authorized signer Glenn Doyle Beach. |
| A8 | A-026 | $24,425.11 seized from Regions account number 166088585, an account in the name of TLC RX, LLC, with authorized signer T.B. |
| A9 | A-029 | $2,953,435.80 seized from Priority account number 286328, an account in the name of IPMSI Holdings, LLC Series E, with authorized signer Glenn Doyle Beach. |
| A10 | A-030 | $342,755.98 seized from Priority account number 283176, an account in the name of N&P Farms, LLC, with authorized signer Glenn Doyle Beach. |
| A11 | A-031 | $64,745.86 seized from WFB account number 1763836960, an account in the name of Intellectual Property Management Services (IPMSI), LLC, with authorized signers J.M., Hope E. Thomley, and W.W. |

| Item | Exhibit | Description |
|---|---|---|
| A12 | A-095 | $301,613.10 seized from Brinker 676337448, an account in the name of TLC RX, LLC Retirement Plan, with authorized signer T.B. |
| A13 | A-096 | $247,805.47 seized from Brinker 676337079, an account in the name of TLC RX, LLC Retirement Plan, with authorized signer Glenn Doyle Beach. |
| A14 | A-032 | $415,717.75 seized from 1st Source account number X6883, an account in the name of Intellectual Property Management Services, LLC, with authorized signer S.M. |
| B1 | B-023 | 2014 Audi Q7, VIN WA1DGAFE0ED016621, Tag MS LMF 363, with all attachments thereon, registered to Glenn Doyle Beach. |
| B2 | B-024 | 2013 Jeep Wrangler, VIN 1C4HJWEG8DL579557, Tag MS IMI 620, with all attachments thereon, registered to Glenn Doyle Beach, Jr. |
| B3 | B-025 | 2012 Dodge Ram 2500, VIN 3C6UD5PL0CG199450 with all attachments thereon, registered to Glenn Doyle Beach doing business as N&P Farms, LLC. |
| C1 | C-045 | Parcel 164-20-042.000 (Hwy. 44), Parcel 165-21-020.000 (Foster Rd.), Parcel 165-22-007.000 (JD Hatten Rd.), Parcel 165-22-023.000 (Foster Rd.), and Parcel 168-28-001.000 (Foster Rd.), Lamar County, MS, titled to Bone Forest LLC.<br><br>Legally described as:<br><br>20 acres, more or less, being in the West ½ of the NE ¼ of the NW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi;<br><br>AND ALSO Beginning at a pine knot grader blade and x-tie fence corner found on the SE corner of the NW ¼ of the SW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi; thence North 00°03'47" West a distance of 1318.96 feet to an iron pin and fence corner; thence North 89°14'48" East a distance of 1322.71 feet to a pine knot; thence South 00°31'29" East a distance of 1339.83 feet to a x-tie fence corner; thence North 89°51'11" West a distance of 1333.42 feet back to the Point of Beginning; containing 40.53 acres, more or less, and being in the NW ¼ of the SW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi;<br><br>AND ALSO Beginning at a pine knot grader blade and x-tie fence corner found on the SE corner of the NW ¼ of the SW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi, said point being the Point of Beginning; |

|  |  | thence South 00°06'35" West a distance of 1323.44 feet to a pine knot and grader blade; thence South 00°32'30" East a distance of 1313.73 feet to an iron pin; thence South 89°52'45" West a distance of 1300.00 feet to a pine knot and grader blade; thence North 00°32'49" West a distance of 1319.42 feet; thence South 89°36'58" West a distance of 1309.55 feet to an iron pin; thence North 00°12'29" East a distance of 1313.39 feet to an iron pin and t-post; thence South 89°22'10" West a distance of 1304.76 feet to a t-post; thence North 00°03'12" West a distance of 1302.47 feet to a found pine knot; thence North 89°16'27" West a distance of 1962.77 feet to an iron pin; thence North 00°11'04" East a distance of 1330.31 feet to an iron pin; thence North 89°23'51" East a distance of 3216.25 feet to a x-tie fence corner; thence South 01°01'49" East a distance of 2014.89 feet to an iron pin; thence North 89°28'13" East a distance of 1297.83 feet to an iron pin; thence North 00°32'49" West a distance of 659.80 feet to a nail in the center of Foster Road and the point of curve of a non-tangent curve to the left, of which the radius point lies North 86°28'08" East a radial distance of 458.08 feet; thence along the center of said road South along the arc having a chord direction of South 15°57'59" East a chord distance of 197.29 feet, through a central angle of 24°52'15" a distance of 198.84 feet; thence continuing along said road South 28°24'06" East a distance of 989.43 feet to the point of curve of a non-tangent curve to the left, of which the radius point lies North 60°00'04" East a radial distance of 867.12 feet; thence continuing along said road SE along the arc having a chord direction of South 41°29'45" East a chord distance of 345.66 feet, through a central angle of 22°59'37", a distance of 347.99 feet to a railroad spike; thence leaving said road run North 89°57'03" East a distance of 573.99 feet back to the Point of Beginning; containing 287.01 acres, more or less, and located in the NE ¼ of the NE ¼ of Section 28; the SE ¼ and the NE ¼ of the SW ¼ and the South ½ of the NW ¼ of Section 21; and the East ½ of SE ¼ of the NE ¼ of Section 20; all in Township 5 North, Range 16 West, Lamar County, Mississippi; together with all improvements thereon and appurtenances thereunto belonging. |
|---|---|---|

| | | |
|---|---|---|
| C2 | C-047 | 123 Higgins Rd. Sumrall, Lamar County, MS, titled to Glenn Doyle Beach Jr. and T.B. |
| | | Real property located at 123 Higgins Road, Sumrall, Lamar County, Mississippi, more particularly described as:<br><br>Parcel No. 162-03-022.001<br><br>This is to certify that I have surveyed the part and parcel of property located in the Northwest ¼ of the Southwest 1/4, Section 3, T-5-N, R-16-W, Lamar County, Mississippi being more particularly described as follows:<br><br>Commence at a found pine knot at the Southwest corner of the Northwest ¼ of the Southwest 1/4 , Section 3, Township 5 North, Range 16 West, Lamar County, Mississippi and run S89°53'27" E 485.34 feet to a set ½" rebar and the point of beginning; from said point of beginning run N07°10'04"W 245.61 feet to a set ½" rebar; thence run N70°28'04" E 180.04 feet to a set ½" rebar; thence run N40°43'09" E 91.63 feet to a set ½ " rebar; thence run S83°23'10" E 95.90 feet to a found ½" rebar; thence run on and along a curve that curves to the left and has a radius of 214.44 feet, a central angle of 43°50'36" for 164.09 feet, a long chord of N71°01'38" E for 160.12 feet to a found ½" rebar on the Western right of way line of Higgins Road; thence run S30°52'18" E 91.36 feet along said right of way line to a found ½" rebar; thence run on and along a curve that curves to the left and has a radius of 1125.87 feet, a central angle of 16°22'21" for 321.72 feet, a long chord of S36°14'44" E for 320.63 feet to a found ½" rebar on the Western right of way line of Higgins Road; thence run S43°26'36" E for 108.41 feet along said right of way line to a found 1/2" rebar on the Western right of way line of Higgins Road; thence leaving said right of way line run N89°53'27" W 756.52 feet, back to the point of beginning, said parcel contains 4.88 acres, more or less; all together with all improvements thereon and appurtenances thereunto belonging. |

constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information. *See* Information, ECF No. ___. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c).

3. The Defendant has agreed to the entry of a forfeiture money judgment in the amount of $9,109,872.00, which is the value of property that constitutes or is derived from, directly or indirectly, the gross proceeds traceable to commission of the offenses charged in Counts One and Two of the Information, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c). All monies realized by the Government as a result of the forfeiture of the **Subject Property**, minus any costs expended in maintaining, storing, and selling said property, shall be credited to the Defendant's forfeiture money judgment.

4. The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject Property** at, and as a part of, the sentencing proceeding. The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The Defendant and his attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

5. The Defendant and his attorney further agree that the Defendant will cooperate with the Government to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property, and that the Government may immediately begin the

seizure of assets to be forfeited as substitute property to satisfy the forfeiture money judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the Defendant shall forfeit to the Government , the **Subject Property**.

b. A forfeiture money judgment in the amount of $9,109,872.00 is entered against the Defendant.

c. The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the above described property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offense.

d. The Government may conduct any discovery it considers necessary to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property.  The Defendant has agreed to cooperate with the Government's efforts to identify, locate, and dispose of property subject to forfeiture or substitute assets for such property, and the Defendant has agreed that the Government may immediately begin the seizure of assets to be forfeited as substitute property to satisfy the forfeiture money judgment.

e. The Government shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The Government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.  Fed. R. Crim. P. 32.2(c)(1).

f.     Any person, other than the above-named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

g.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), and Defendant's consent, this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this order and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

h.     Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

i.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

j.     The Government shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. §

982(b), 31 U.S.C. §§ 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 26th day of March 2019.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
KATHERINE PAYERLE
Trial Attorney
Criminal Division, Fraud Section

_____
MARY HELEN WALL
Assistant United States Attorney

_____
GLENN DOYLE BEACH Jr.
Defendant

_____
ARTHUR F. JERNIGAN
Attorney for Defendant

_____
BRIAN E. DICKERSON
Attorney for Defendant

_____
NICOLE HUGHES WADE
Attorney for Defendant