UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

Criminal Case No. 2:19-cr-14-KS-MTP

v.

GLENN DOYLE BEACH, JR.
_______________________________________/

**DEFENDANT'S MOTION FOR ACCESS TO THE GOVERNMENT'S SEALED REPLY MEMORANDUM IN SUPPORT OF ITS SEALED MOTION TO DISQUALIFY COUNSEL**

Defendant, Glenn Doyle Beach, Jr. ("**Mr. Beach**"), through undersigned counsel, and pursuant to Local Crim. R. 47(B), hereby files his Motion for Access to the Sealed Reply Memorandum (the "**Reply**") in Support of the Sealed Motion to Disqualify Counsel filed by the United States of America (the "**Government**").

## I. INTRODUCTION

Mr. Beach hereby requests access to the Government's Reply, which was filed under seal on August 13, 2019 [D.E. 37]. It is imperative that Mr. Beach and the undersigned (or, at a minimum, solely the undersigned) be provided access to the Reply, in order to ensure that Mr. Beach has in his possession all information necessary to make a knowing, voluntary, and informed decision with respect to waiving any alleged conflicts of interest, as these issues pertain to his choice of legal counsel. Mr. Beach's need for access to the Reply is exacerbated by the reality that Mr. Beach's Opposition to the Government's Motion to Disqualify Counsel sets forth several dispositive reasons justifying this Court's denial of the Government's Motion.

Moreover, to the extent that the Court may not be inclined to flatly deny the Motion to Disqualify Counsel, Mr. Beach already has requested in his Opposition that this Court hold an appropriate hearing pursuant to *United States v. Foster*, 469 F. 2d 1 (1st Cir. 1972), which is now

codified in Fed. R. Crim. P. 44(c). Mr. Beach requires access to the Government's Reply so that he may make an informed decision with respect to his Sixth Amendment right to choice of counsel, consistent with the responsibilities imposed on this Court pursuant to Rule 44(c).

Specifically, it is requested that access to the Government's Reply be limited only to Mr. Beach and Arthur F. Jernigan, Jr., Esq. It is hereby acknowledged, agreed, and understood that Brian E. Dickerson, Esq. and the law firm of FisherBroyles, LLP shall have no access to the Government's Reply and, further, that Messrs. Beach and Jernigan will not disclose the contents of the Reply or discuss same with Mr. Dickerson. At a minimum, however, Mr. Jernigan should be provided with access to the Government's Reply, even if it means requiring that Mr. Jernigan review the Government's Reply in person at the Court's chambers.

Prior to filing this Motion, the undersigned requested that the Government agree to the relief requested herein; however, the Government flatly rejected the undersigned's request for access to the Reply on Mr. Beach's behalf. Accordingly, Mr. Beach requests that this Court immediately provide Mr. Beach and the undersigned with access to the Government's sealed Reply.

## II. BACKGROUND

The Government's Sealed Motion to Disqualify Counsel, along with the Sealed *Ex Parte* Memorandum in Support thereof, seeks to disqualify Mr. Dickerson and FisherBroyles, LLP (collectively, "**Counsel**") as legal counsel for Mr. Beach, Mr. Clark Levi ("**Mr. Levi**"), The Gardens Pharmacy, LLC ("**Gardens**"), and Alvix Laboratories, LLC ("**Alvix**").[1] The Government's Motion argues the purported existence of a conflict of interest that is imputed to

[1] Mr. Levi, Gardens, and Alvix are sometimes collectively referred to herein as the "Non-Parties."

Counsel, centering on Mr. Beach's status as a cooperating Government witness pursuant to the terms of his Plea Agreement, vis-à-vis the Government's ongoing criminal investigation against Mr. Levi, Gardens, and Alvix. Notably, Mr. Levi, Gardens, and Alvix (a) are not named defendants in this action; and (b) have not been charged with a crime. As such, there is no criminal trial on the horizon with respect to any of the Non-Parties.

Mr. Beach filed his Opposition in response to the Government's Motion to Disqualify Counsel. Mr. Beach's Opposition, *inter alia*, argues:

- The Government's Motion to Disqualify should be denied, in its entirety, because (a) the Non-Parties have no ability to appear in this proceeding for the purpose of opposing the Government's Motion and protecting their Sixth Amendment right to choice of counsel; and (b) the Court has no jurisdiction to impinge the Non-Parties' right to their respective choice of counsel (Opposition at pp. 8-9);

- The Government waived any right to seek disqualification of Counsel by unjustifiably waiting over three (3) years before seeking Counsel's disqualification with respect to Alvix, and over four (4) months with respect to Mr. Levi and Gardens (*Id*. at pp. 9-12);

- The Government's Motion to Disqualify Counsel sets forth absolutely no evidence of any non-waivable conflict of interest justifying Counsel's disqualification (*Id*. at pp. 12-16); and

- To the extent that the Court may not be inclined to flatly deny the Government's Motion, Mr. Beach requests that the Court hold a *Foster* hearing pursuant to Rule 44(c). *Id*. at pp. 16-17.

Thereafter, the Government's Reply was filed under seal. Prior to the filing of the instant Motion, the Government refused the undersigned's reasonable request that only Mr. Beach and the undersigned be provided access to the Government's Reply in connection with protecting Mr. Beach's Sixth Amendment rights.

## III. MEMORANDUM OF LAW

### A. Standard

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." As the Supreme Court of the United States has recognized, the right to counsel is a crucial constitutional right, the purpose of which is to "insure fundamental human rights of life and liberty." *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938)). A defendant's Sixth Amendment right to counsel encompasses a defendant's right to choose counsel of her own choosing, at her own expense. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006). In fact, the right to choose one's counsel has been described by the Supreme Court as "the root meaning of the constitutional guarantee." *Id.*; *see also Luis v. United States*, 136 S. Ct. 1083, 1097 (2016). "[H]aving the ability to retain the 'counsel [they] believe[] to be best' – and who might in fact be superior to any existing alternatives – matters profoundly." *Kaley v. United States*, 571 U.S. 320, 337 (2014) (alterations in original) (citation omitted). Consequently, courts "must recognize a presumption in favor of [a defendant's] counsel of choice." *Wheat v. United States*, 486 U.S. 153, 164 (1988).

The wrongful denial of a criminal defendant's right to counsel of choice is automatically reversible error on appeal. In fact, the Supreme Court has classified such a wrongful denial of a defendant's counsel of choice as one of the few constitutional errors rising to the level of a "structural defect" that requires reversal on appeal absent any showing of prejudice. *Gonzalez-Lopez*, 548 U.S. at 148-50; *see also United States v. Robinson*, 753 F. 3d 31, 39 (1st Cir. 2014).

Because the right to counsel of choice is so essential, it can be overcome only in truly extraordinary circumstances. "Depriving a party of the right to be represented by the attorney of

his or her choice is a penalty that must not be imposed without careful consideration." *FDIC v. U.S. Fire Ins. Co.*, 50 F. 3d 1304, 1313 (5th Cir. 1995). "Because of the severity of disqualification, [courts] do not apply disqualification rules 'mechanically,' but [instead] consider 'all of the facts particular to [the] case . . . in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights.'" *Kennedy v. MindPrint*, 587 F. 3d 296, 300 (5th Cir. 2009) (alterations in original) (citing *U.S. Fire Ins. Co.*, 50 F. 3d at 1314). Even in a civil proceeding in the Fifth Circuit, courts are particularly mindful that disqualification of one's counsel "must not be imposed cavalierly." *Kennedy*, 587 F. 3d at 300 (citing *U.S. Fire Ins. Co.*, 50 F. 3d at 1316).

**B. Access to the Government's Reply is Essential to Protection of Mr. Beach's Sixth Amendment Rights**

As explained in detail in Mr. Beach's Opposition to the Government's Motion to Disqualify Counsel, the Government has not come forward with any evidence substantiating any actual or potential conflict of interest that possibly could justify this Court's disqualification of Counsel.[2] *See* Opposition at pp. 12-16. Further, Mr. Beach's Opposition corrects several false factual assertions set forth in the Government's Motion that are demonstrably disproven by indisputable documentary evidence (*id*. at pp. 4-5), while pointing out that Mr. Beach cannot access the veracity of redacted material set forth in the Government's Motion. *Id*. at p. 5. Consequently, to date Mr. Beach (a) has not seen any evidentiary substantiation from the Government that possibly might justify Counsel's disqualification (or even raise the issue of disqualification in good faith); and (b) has a good-faith basis to believe that material set forth in

[2] Mr. Beach's Opposition to the Government's Motion to Disqualify Counsel is expressly incorporated as if fully set forth herein.

the Government's sealed Reply may contain factual inaccuracies posing a substantial risk of prejudicing Mr. Beach's Sixth Amendment rights.

Under these circumstances, it is not justifiable, reasonable, or appropriate for this Court to defer to the Government's bare and unsupported assertions of any purported need for confidentiality, which the Government likely may claim outweighs Mr. Beach's countervailing interests. In reality, the Government's reliance on a purported need for confidentiality of information set forth in the Reply is quite overstated. The Government's Motion to Disqualify Counsel takes the position that the nature of the purported conflict of interest involves Mr. Beach's status as a cooperating witness pursuant to his obligations under the Plea Agreement. If Mr. Beach is to be effective in such a role, then Mr. Beach necessarily will become privy to the same information that the Government claims is confidential. As such, there is no true need for confidentiality since this information eventually must be disclosed to Mr. Beach. The Government's confidentiality argument is disingenuous and an attempt to deflect the Government's obvious purpose in filing the Reply under seal; i.e., the Government's desire to avoid Mr. Beach being able to challenge the allegations, positions, and representations made to the Court therein. Even worse, the Government is seeking Counsel's disqualification without allowing Mr. Beach any opportunity to see, understand, and weigh the very facts that may be necessary for Mr. Beach to make a knowing, voluntary, and informed waiver of any purported conflict of interest. Clearly, the Government's course of action is totally inconsistent with Mr. Beach's Sixth Amendment rights, along with the requirements imposed on the Court of Fed R. Crim. P. 44(c).

Regrettably, the veracity of factual assertions set forth in the Government's filings has become a serious, live issue; not a hypothetical one. *See* Opposition at pp. 4-5. This unique

situation gives rise to a genuine, bona fide need that Mr. Beach and the undersigned be provided immediate access to the Reply, in order to protect against the risk of severe prejudice to Mr. Beach's Sixth Amendment right to choice of counsel, which has been threatened by the Government's history of including demonstrably false factual assertions in court filings.

That being said, the Government's unfortunate history of misleading the Court in this proceeding is not the sole reason why Mr. Beach and the undersigned should be provided access to the Government's Reply. Even absent this reality, the relief requested herein is fully justified by the simple fact that the Government's Motion fails to set forth any information, facts, or evidence demonstrating (a) existence of any actual conflict of interest requiring Counsel's disqualification; or (b) a reasonable likelihood of a potential for a conflict to arise in the future requiring Counsel's disqualification pursuant to Mississippi's Rules of Professional Responsibility. As things currently stand, Mr. Beach already has corrected the record and, further, has come forward with documentary evidence, along with Mr. Dickerson's Declaration, confirming nothing less than Counsel's full compliance with the letter of Mississippi's ethical rules governing this specific type of representation and Mr. Beach's knowing, voluntary, and informed consent to Counsel's representation on his behalf.

Consequently, if the Government's sealed Reply now presents for the first time new information purportedly weighing on the issue of Counsel's disqualification (which, of course, is currently unknown to Mr. Beach and the undersigned), then Mr. Beach and the undersigned not only are entitled to see this information, but they have a genuine, bona fide need to see it that strikes at the core of Sixth Amendment interests.[3] *See, e.g.*, *Gideon*, 372 U.S. at 343 (quoting

[3] Conversely, if the Government's sealed Reply contains no such material, clearly there was no justification for filing the Reply under seal.

*Johnson*, 304 U.S. at 462). Additionally, Mr. Beach is entitled to see the content of the Reply for the purpose of Fed. R. Crim. P. 44(c), which states:

> **(c) Inquiry Into Joint Representation.**
>
> **(1)** *Joint Representation.* Joint representation occurs when:
>
> **(A)** two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
>
> **(B)** the defendants are represented by the same counsel, or counsel who are associated in law practice.
>
> **(2)** *Court's Responsibilities in Cases of Joint Representation.* The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Under the circumstances, as required by Rule 44(c) this Court also shares in Mr. Beach's direct interest in ensuring that Mr. Beach is appropriately advised regarding these matters and is appropriately equipped to make a knowing, voluntary, and informed decision with respect to waiving any alleged conflicts of interest with respect to Mr. Beach's counsel of record. While undeniably exacerbated by the Government's demonstrated factual misstatements in its pending Motion to Disqualify Counsel, the complete absence of any facts establishing any sort of conflict of interest – standing alone – clearly require that Mr. Beach and the undersigned be provided access to the Government's sealed Reply, in view of clear Sixth Amendment considerations now at stake.

## IV. CONCLUSION

Having presented competent, substantial evidence demonstrating (a) the absence of actual conflict of interest or risk of a future conflict; and (b) Counsel's substantiated, full compliance with the relevant Mississippi Rules of Professional Responsibility, Mr. Beach should not be placed at a potentially severe risk of prejudice to his Sixth Amendment rights resulting from an

unjustifiable inability to access, understand, and oppose the Government's positions in its effort to disqualify Counsel. The Government's legitimate interest in ensuring confidentiality of information pertaining to ongoing criminal investigations does not supersede, outweigh, or dilute Mr. Beach's Sixth Amendment rights, particularly given the striking deficiencies in the veracity of the Government's factual assertions in its Motion to Disqualify Counsel.

Accordingly, Mr. Beach respectfully requests that this Court (a) grant this Motion in its entirety; (b) order that Mr. Beach and the undersigned (or, at a minimum, solely the undersigned) be provided immediate access to the Government's sealed Reply in its entirety, including any exhibits that may be appended to the Government's Reply; and (c) enter such other and further relief this Court deems just and proper.

Respectfully submitted,

**GLENN DOYLE BEACH, JR.**

/s/ *Arthur F. Jernigan, Jr.*
Arthur F. Jernigan, Jr. (MSB #3092)
JERNIGAN, COPELAND, ATTORNEYS, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 2598
Ridgeland MS 39158-2598
Phone: (601) 427-0048
Fax: (601) 427-0051
Email: ajernigan@jcalawfirm.com
***Counsel for Defendant, Glenn Doyle Beach, Jr.***

**CERTIFICATE OF SERVICE**

I, Arthur F. Jernigan, Jr., attorney for Defendant Glenn Doyle Beach, Jr., do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

**SO CERTIFIED,** this the 15th day of August, 2019.

*/s/ Arthur F. Jernigan, Jr.*
Arthur F. Jernigan, Jr.