# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                   CASE NO. 2:19-CR-14-KS-MTP

**GLENN DOYLE BEACH, JR.**

## ORDER

On July 24, 2019, the Government filed a Motion to Disqualify [28] Defendant's counsel, Brian E. Dickerson and his law firm, FisherBroyles, LLP. The Government argued that Dickerson has a conflict of interest because he also represents current and former associates of Beach currently under investigation by the grand jury in the Southern District of Mississippi. Beach opposes the motion [32].

The Court scheduled a hearing on the motion for September 10, 2019. Out of concern for the integrity of the grand jury proceedings, the Court held the hearing in chambers. After the Court heard brief opening arguments from the parties, it noted the inherent difficulty in addressing the Government's motion in a procedurally fair manner while also protecting the integrity of the grand jury proceedings, as the Court had permitted the Government to redact and/or seal portions of their filings on this issue. The parties agreed on the following procedure.

First, the Court met with the Government's attorneys *ex parte*, and they provided the Court with a brief overview of the facts underlying the Government's motion. Then, the Court met jointly with the Government's attorneys, Defendant, and

one of Defendant's attorneys, Arthur F. Jernigan, Jr. The Government provided substantially the same recitation of facts to Defendant and his counsel, Mr. Jernigan. Finally, the Court met with Defendant and Mr. Jernigan *ex parte* and allowed them to respond to the Government's argument. Having heard from both parties, the Court is prepared to rule on the pending motion.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Sixth Amendment right to counsel doesn't just apply at trial, but also to plea negotiation and sentencing. *United States v. Scribner*, 832 F.3d 257-58 (5th Cir. 2016). "Part of this guarantee is a criminal defendant's right to retain the attorney of his choice," but the right is not absolute. *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007). Rather, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.* (quoting *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)). Therefore, although there is a "presumption in favor of a defendant's counsel of choice," the "presumption may be overcome by an actual conflict of interest, or by a showing of a serious potential for conflict." *Id.*

Although, a defendant "may waive conflicts of interest in some situations," *United States v. De Nieto*, 922 F.3d 669, 679 (5th Cir. 2019), a "valid waiver does not end the inquiry . . . ." *Gharbi*, 510 F.3d at 553. "[T]he district court has an

'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'" *Id.* (quoting *Wheat*, 486 U.S. at 160). The Court must "be ever wary of the subtle problems implicating the defendant's comprehension of the waiver to protect the integrity of the court and defendant against future attacks over the adequacy of the waiver or the fairness of the proceedings." *De Nieto*, 922 F.3d at 679 (punctuation omitted). Therefore, the Court has "substantial latitude in refusing waivers of conflicts of interest . . . where an actual conflict may be demonstrated before trial [and] where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id.*

Generally, "[d]isqualification cases are governed by state and national ethical standards adopted by the court." *FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995). This Court has adopted the Mississippi Rules of Professional Conduct. L.U.Civ.R. 83.5. However, in some cases, where the conflict is apparent from the record, "a court may find a potential or actual conflict of interest without reference to a rule of professional conduct." *United States v. Avant*, 2016 WL 6440608, at *5 (N.D. Miss. Oct. 28, 2016) (citing *United States v. Jena*, 478 F. App'x 99, 103 (5th Cir. 2012)).

Mississippi's Rules of Professional Conduct provide:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes:

3

> (1) the representation will not adversely affect the relationship with the other client; and
>
> (2) each client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the adverse representation and the advantages and risks involved.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless the lawyer reasonably believes:
>
> (1) the representation will not be adversely affected; and
>
> (2) the client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.

MISS. R. PROF'L CONDUCT 1.7. Additionally, Rule 1.10 provides: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so . . . ." MISS. R. PROF'L CONDUCT 1.10(a).

The Comment to Rule 1.7 provides: "Loyalty is an essential element in the lawyer's relationship to a client. . . . As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's consent." The Comment continues: "Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests." The Fifth Circuit has held that a conflict exists "when defense counsel is compelled to compromise his

4

or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *United States v. Lozano*, 158 F. App'x 632, 636 (5th Cir. 2005).

In summary, the Court must answer two questions. First, it must decide whether Dickerson and/or his other clients have a conflict of interest with Defendant, or whether Dickerson's representation of Defendant is likely to lead to a serious potential conflict of interest. *Avant*, 2016 WL 6440608 at *5. Second, it must decide whether to accept Defendant's waiver of such a conflict. *Id.* "[T]he party seeking disqualification bears the burden of proving a conflict." *United States v. DeCay*, 406 F. Supp. 2d 679, 683 (E.D. La. 2005).

After receiving the parties' briefs and the exhibits thereto, and hearing the parties' argument and representations in chambers, the Court is firmly convinced that, at a minimum, Dickerson's representation of Defendant poses a "serious potential for conflict." *Gharbi*, 510 F.3d at 553. Defendant entered into a cooperation agreement with the Government. Current and former associates of Defendant are implicated in an ongoing grand jury investigation. Defendant's attorney, Dickerson, also represents those current and former associates. In conference with the Court, Defendant did not, for the most part, deny the substantive factual allegations made by the Government. Rather, Defendant disagreed with the Government's characterization of the facts, claiming that no crimes had been committed. Regardless, it appears likely that Defendant will be called upon to fulfill the

obligations of his cooperation agreement by providing testimony adverse to the interests of those current and former associates.

Therefore, at a minimum, Dickerson's continued representation of Defendant in this matter poses a "serious potential for conflict" that would threaten the integrity of the proceedings and compromise Defendant's ability to receive adequate representation by counsel. *Gharbi*, 510 F.3d at 553. Moreover, the potential for conflict is serious enough that the Court must override any purported waiver by Defendant. *See De Nieto*, 922 F.3d at 679-80 (district court did not abuse its discretion in disqualifying counsel who had represented defendant's co-conspirator in a related case, and where the co-conspirator was likely to testify); *United States v. Ahmad*, 62 F.3d 396, 1995 WL 449667, at *7 (5th Cir. 1995) (district court did not abuse its discretion in disqualifying counsel who had previously represented defendant's co-defendant and could possibly be called as a witness); *United States v. Age*, 614 F. App'x 141, 144 (5th Cir. 2015) (district court did not abuse discretion in disqualifying counsel who had been general counsel for defendant's corporation involved in health care fraud conspiracy and had been involved in grand jury investigation).

The Court will not discuss the factual particulars of the conflict in the present Order because it would compromise the integrity of an ongoing grand jury investigation. However, the Government's briefing and exhibits are of record, although they are sealed. Likewise, the transcript of the proceedings held on September 10, 2019, is of record. It shall also remain sealed unless or until the danger

of compromising the grand jury investigation has dissipated. The Court believes that the potential for conflict is clear upon even a cursory examination of the record.

Briefly, the Court will address some of Defendant's arguments in opposition to the Government's motion. First, Defendant argues that the Government waived the issue of disqualification because it knew of Mr. Dickerson's joint representation for some time before it filed the motion. Defendant has not cited any Fifth Circuit case law providing that the Government can waive disqualification of a criminal defendant's counsel based on a conflict of interest. Indeed, the present motion implicates Defendant's interest in having conflict-free counsel and the Court's interest in maintaining the integrity of this case and its own reputation. In that sense, the timing of the motion is irrelevant. A conflict is still a conflict, regardless of when the Government brings it to the Court's attention. Although the Court considers Defendant's right to counsel of his choice, the Court must also protect the integrity of these proceedings and Defendant's right to effective assistance of counsel. Moreover, this case is the product of an extensive, years-long investigation of a major pharmaceutical/insurance fraud conspiracy that has evolved over at least three years. The Government noted that the extent of Mr. Dickerson's potential conflict was not known to it until earlier this year.

Next, Defendant argues that disqualification of Mr. Dickerson at this stage of proceedings would prejudice him at sentencing. Defendant has other capable counsel of record, and he has already entered a plea of guilty. If Defendant believes that he

needs additional counsel for sentencing alone, he is free to retain additional counsel prior to sentencing. Defendant is also free to seek a reasonable continuance.

For all these reasons, the Court **grants** the Government's Motion to Disqualify Counsel [28]. Brian E. Dickerson and FisherBroyles, LLP are hereby disqualified as counsel in this case.

SO ORDERED AND ADJUDGED this 11th day of September, 2019.

/s/     Keith Starrett  
KEITH STARRETT  
UNITED STATES DISTRICT JUDGE