AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI  JA/mc
FILED
JUL 29 2020
ARTHUR JOHNSTON
BY_____ DEPUTY

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| **GLENN DOYLE BEACH, JR.** | ) | Case Number: 2:19cr14KS-MTP-001 |
| | ) | USM Number: 20936-043 |
| | ) | Arthur F. Jernigan, Jr. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   Count 1 and Count 2 of the Bill of Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

☐

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Health Care Fraud | 01/31/2016 | 1 |
| 18 U.S.C. § 371 | Conspiracy to Commit Money Laundering and Tax Evasion | 01/31/2016 | 2 |

The defendant is sentenced as provided in pages 2 through     9     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 23, 2020
Date of Imposition of Judgment

_/s/ Keith Starrett_
Signature of Judge

The Honorable Keith Starrett     Senior U.S. District Judge
Name and Title of Judge

Date  July 29, 2020

AO 245B(Rev. 02/18) Judgment in a Criminal Case
    Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: **GLENN DOYLE BEACH, JR.** | Judgment — Page 2 of 9 |
| CASE NUMBER: 2:19cr14KS-MTP-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

one hundred and twenty (120) months as to Count 1 and thirty-six (36) months as to Count 2 of the Bill of Information. Such terms of incarceration are to be served consecutively for a total term of imprisonment of one hundred and fifty-six (156) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to the facility closest to his home for which he is eligible. The Court further recommends that the defendant be evaluated to participate in the Bureau of Prisons 500 hour Substance Abuse Treatment Program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____.

    ☐ as notified by the United States Marshal, but no later than 60 days from the date of sentencing.

    ☐ as notified by the Probation or Pretrial Services Office.

☐

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

                                                                 UNITED STATES MARSHAL

                                  By _____
                                                   DEPUTY UNITED STATES MARSHAL

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  |  |
|---|---|
| DEFENDANT: **GLENN DOYLE BEACH, JR.** | Judgment—Page 3 of 9 |
| CASE NUMBER: 2:19cr14KS-MTP-001 |  |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

three (3) years as to Count 1 and a term of three (3) years as to Count 2 of the Bill of Information. Pursuant to 18 U.S.C. § 3264(e), such term of supervised release are to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: **GLENN DOYLE BEACH, JR.**
CASE NUMBER: 2:19cr14KS-MTP-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: **GLENN DOYLE BEACH, JR.**
CASE NUMBER: 2:19cr14KS-MTP-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office, unless the defendant is in compliance with the installment payment schedule.

3. The defendant shall participate in and complete any reentry or similar program operated by the Court in the district to which the defendant is released, at the direction of the probation officer.

4. The defendant shall abstain from the use of alcohol and illegal drugs.

5. The defendant shall not use any mood-altering substances including prescribed medication, without permission of the probation officer.

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  9

DEFENDANT:  **GLENN DOYLE BEACH, JR.**
CASE NUMBER: 2:19cr14KS-MTP-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ 185,407,641.75 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Express Scripts, Inc.<br>Attn: Tina Italiano<br>One Epress Way<br>St. Louis, MO  63121 | $ 74,095,526.00 | $ 74,095,526.00 | |
| Defense Health Agency (Tricare)<br>Attn: CRM<br>16401 E. Centretech Parkway<br>Aurora, CO  80011 | $42,379,474.00 | $ 42,379,474.00 | |
| CVS/Caremark<br>CVS Health<br>Attn: Steven McCall<br>9501 E. Shea Blvd., MC-020<br>Scottsdale, AZ  85260 | $ 38,063,000.00 | $ 38,063,000.00 | |
| Optum RX<br>Optum Litigation<br>Attn: Shari L. J. Aberle<br>11000 Optum Circle<br>Eden Prairie, MN  55344<br>USA Mail Stop:  MN101-E013 | $ 18,031,000.00 | $ 18,031,000.00 | |
| **TOTALS** | $  185,407,641.75 | $  185,407,641.75 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑  the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(Rev. 02/18) Judgment in a Criminal Case
   Sheet 5B — Criminal Monetary Penalties

DEFENDANT: **GLENN DOYLE BEACH, JR.**
CASE NUMBER: 2:19cr14KS-MTP-001

Judgment—Page 7 of 9

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service<br>333 W. Pershing Avenue<br>Mail Stop 6261 - Restitution<br>Kansas City, MO 64108 | $ 2,903,695.00 | $ 2,903,695.00 | |
| Prime Therapeutics<br>Attn: Nadine Conrad<br>1305 Corporate Center Drive, #100<br>Eagan, MN 55121 | $ 3,015,000.00 | $ 3,015,000.00 | |
| Thomas McCrathy, CFO<br>c/o Argus Health Systems, Inc./DST Pharmacy Solutions<br>900 Cottage Grove Road<br>Bloomfield, CT 06002 | $ 1,936,000.00 | $ 1,936,000.00 | |
| Blue Cross Blue Shield of Mississippi<br>Attn: Legal Department, Jennifer Aultman<br>3545 Lakeland Drive<br>Flowood, MS 39232 | $ 1,932,000.00 | $ 1,932,000.00 | |
| MedImpact Health Care Systems, Inc.<br>Attn: Nancy Radtke - Legal Dept.<br>10181 Scripps Gateway Court<br>San Diego, CA 92131 | $ 1,775,000.00 | $ 1,775,000.00 | |
| Department of Labor (ACS - 3rd party contractor)<br>OWCP/DFEC<br>200 Constitution Avenue NW C3523<br>Washington, DC 20210 | $ 1,245,000.00 | $ 1,245,000.00 | |
| United Health Care<br>9800 Health Care Lane<br>Minnetonka, MN 55343 | $ 28,897.40 | $ 28,897.40 | |
| Special Investigations Dept. BCBS-TX<br>Attn: Senior Manager Darrell James<br>1001 East Lookout Drive, Suite A2.211<br>Ridgeland, TX 78082 | $ 2,354.37 | $ 2,354.37 | |
| Catalyst<br>11000 Optum Circle<br>Eden Prairie, MN 55344<br>USA Mail Stop MN101-E013 | $ 694.98 | $ 694.98 | |

   * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: | GLENN DOYLE BEACH, JR. |
| CASE NUMBER: | 2:19cr14KS-MTP-001 |

Judgment — Page 8 of 9

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __185,407,841.75__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☑  Payment to begin immediately (may be combined with  ☐ C, ☑ D, or ☑ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☑  Payment in equal __monthly__ *(e.g., weekly, monthly, quarterly)* installments of no less than $ __1,000.00__ over a period of __36 months__ *(e.g., months or years)*, to commence __30 days__ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

The payment of the restitution shall begin while the defendant is incarcerated. In the event that the restitution is not paid in full at the termination of supervised release, the defendant is ordered to enter into a written agreement with the Financial Litigation Unit of the U.S. Attorney's Office for payment of the remaining balance. Additionally, the value of any future discovered assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Please see attached page.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

as stipulated in the Final Order of Forfeiture filed on March 17, 2020.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B(Rev. 02/18)  Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

Judgment—Page 9 of 9

DEFENDANT: **GLENN DOYLE BEACH, JR.**
CASE NUMBER: 2:19cr14KS-MTP-001

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 2:19cr9KS-MTP-001 - Hope Evangeline Thomley<br>2:17cr13KS-MTP-001 - Jason May | $182,503,946.75 | $182,503,946.75 | |
| 2:17cr30KS-MTP-001 - Susan K. Perry | $3,374,409.16 | $3,374,409.16 | |
| 2:18cr18KS-MTP-004 - Gregory Grafton Parker | $566,979.69 | $566,979.69 | |
| 2:18cr21KS-MTP-001 - Brantley Paul Nichols, D.M.D. | $696,026.00 | $696,026.00 | |
| 2:17cr12KS-MTP-001 - Gerald Jay Schaar | $2,200,000.00 | $2,200,000.00 | |
| 2:19cr9KS-MTP-002 - Howard Randall Thomley | $3,600,000.00 | $3,600,000.00 | |